OZARK INSURANCE COMPANY v. LEATHERWOOD.

Opinion delivered June 4, 1906.

1. PLEADING—JUDGMENT BY DEFAULT—DISCRETION.—Under Kirby's Digest, § § 6111, 6188, relating to judgments by default, the trial court is invested with a discretion to render judgment by default against a defendant on failure to answer, which should be used to prevent

unnecessary delays in pleading and for the speedy enforcement of the administration of justice, but not to cause injustice or oppression. (Page 255.)

2. COMPROMISE—ENFORCEMENT.—Where, in a case in which due service was had, the defendants appeared on the first day of the term and asked that the case go over for a week, at which time they appeared and filed answer and demurrer to the complaint, and the court, upon motion of plaintiff showing that the case had been compromised for a less sum than sued for, proceeded to take testimony, and ascertained that such compromise was made, it was not error to strike the answer and demurrer from the files, but judgment should have been entered for the amount of the compromise, and not for the amount originally claimed. (Page 255.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed upon entry of remittitur.

*Ira D. Oglesby,* for appellants.

The record presents a case where an attempt was made between attorneys to settle. A misunderstanding arose as to the terms of settlement, and the compromise ended. An attorney has no right to compromise a suit without the express authority of the client, and none is shown in this case. When counsel disagreed upon settlement, the case should have been tried on its merits, and the court exercised power arbitrarily in attempting to compel defendants to conform to plaintiff's attorney's understanding of the terms of settlement.

*Winchester & Martin,* for appellee.

1. The motion to strike was addressed to the sound discretion of the court. It had the right, on overruling it, to impose conditions upon the other party. 63 Ark. 568; 31 Ark. 659. It is shown by the evidence that appellant's attorney was authorized to make the settlement.

2. A judgment will not be reversed for error or defect in pleading, unless the pleading be wholly bad. Pleadings are liberally construed—especially so after judgment rendered. Kirby's Digest, § § 6130, 6148; 53 Ark. 519.

BATTLE, J. On the 20th day of May, 1904, Mrs. E. Leatherwood commenced an action in the Sebastian Circuit Court, for the Fort Smith District, in Sebastian County, in this State, on a policy of fire insurance against the Ozark Insurance Company,

and the following sureties on its bond, E. H. Stevenson, A. J. Ingle, G. W. Moss, Hilliard Bryan and Houston J. Payne, for $400, the amount agreed to be paid to plaintiff by the insurance company as indemnity for loss by fire. Summons for the defendant was issued, and was served on the 21st day of May, 1904. On the 6th day of June, 1904, the circuit court of Sebastian County for the Fort Smith District was begun and held. After the commencement of the term the defendants appeared in court, and asked that the case go over until Monday following, which was the 13th of June, 1904, and said that "the case would be settled." On the 13th of June the defendants, without the consent of plaintiff and in the recess of court, filed a demurrer and answer. On June 21, 1904, the plaintiff moved to strike these pleadings from the files of the court, first, because they were not filed in apt time as provided by law; and, second, because the action was compromised by the plaintiff and the insurance company on the 8th day of June, 1904, the last day when, under the law, the defendants could plead. Thereupon the court heard testimony adduced in support of and against the motion, and found from the evidence that the liabilities and obligations of the insurance company to plaintiff and plaintiff to insurance company, including a note for $24 for premium, were adjusted on the 8th day of June, 1904, and it was agreed that the insurance company would pay $250 in liquidation and discharge of all such liabilities and obligations; and notified the defendants that, unless the sum of $250 was paid into court by 9 o'clock, A. M. of June 22, 1904, the motion of plaintiff would be sustained; and, the defendants announcing that it would not be paid, struck the demurrer and answer from the files; and on the next day rendered judgment by default, for want of an answer, against the defendants in favor of the plaintiff for $400, the amount sued for, and six per cent. per annum interest thereon from May 20, 1904, until paid, and costs. The defendants appealed.

The statutes of this State provide: "The defense to an action at law shall be filed on or before the third day of the term * * * when the summons has been served ten days before the commencement of the term in the county in which the action is brought," etc. "On the fourth day of the term the court shall render judgment by default in all actions at law wherein due ser-

vice has been had as provided in section 6111, and no defense has been filed; provided, the court may, for good cause, allow further time for filing a defense." Kirby's Digest, § § 6111, 6188. Under these statutes there is no duty resting upon a court to render a judgment by default against a defendant on failure to answer. Such is within the discretion of the court. It may grant further time. Such power is manifestly given to the court to prevent unnecessary delays in pleading and for the speedy enforcement of the administration of justice. The authority to give further time to plead is manifestly for the purpose of preventing injustice and oppression which might follow a judgment by default on a failure to plead in the time prescribed by the statute; and it should not be used to defeat the purpose for which it was given. Such an exercise of it would be an abuse of discretion.

Judgments by default upon a failure to answer are based upon an implied confession by the defendants of the allegations in the complaint. Hence such allegations must be sufficient to authorize and sustain it if true. But the court did not proceed upon that theory in this case. Upon being informed that the parties had compromised, and upon motion to strike the pleadings of defendants from the files of the court, it proceeded to take testimony and ascertained that the parties had adjusted their differences by an agreement that the insurance company should pay to appellee $250; and, willing that they should do so, offered to enforce it upon the payment of the $250; and, upon the refusal of the defendants to do so, struck their pleadings from file, and rendered judgment against them for $400, interest and costs—at least $150 more than the amount the plaintiff had agreed to accept in full of all her demands.

The court ascertained that a valid settlement of differences had been made. This settlement was virtually an admission or confession that $250 of the $400 sued for was due and owing; and, inasmuch as the defendants had lost the right to plead except upon terms fixed by the court that are just and reasonable, judgment should have been rendered, as upon default, in favor of plaintiff for that amount and interest from the 8th of June, 1904, and costs, upon the plaintiff remitting all of the sum sued for above that amount; and upon her failing or refusing to do so

the court should have granted to the defendants the privilege of pleading and maintaining their defenses.

Now, if the appellee will, within two weeks from this day, remit all of the judgment in this action above the $250 and interest thereon from the 8th of June, 1904, the date of the compromise, and costs, judgment will be rendered in her favor against the defendants by this court for that amount and interest, and costs in the circuit court; and, the trial court having offered to enforce the compromise upon payment of $250, judgment will also be rendered in her favor for all costs of appeal; and such judgment will be in bar of any action on the note for premium on insurance; otherwise the judgment of the circuit court will be reversed, and the cause will be remanded with directions to the court to allow the defendants the privilege of pleading and maintaining their defenses.