## WILSON *v.* PARKINSON.

### Opinion delivered February 5, 1923.

1. EQUITY—ANCILLARY SUIT TO ENFORCE FORMER DECREE.—A complaint in equity against the Commissioner of State Lands, Highways and Improvements alleging that, in spite of a decree rendered in a suit by the State against plaintiff which quieted plaintiff's title to certain lands against the State, the commissioner threatened to issue, sell and give deeds to the lands embraced in the former decree, and that any deeds so issued would becloud plaintiff's title, with prayer that he be restrained from issuing deeds to any lands embraced in the former decree, *held* to state a cause of action within the jurisdiction of a court of equity to entertain a suit to enforce a decree previously rendered in order that complete justice may be done.

2. EQUITY—JURISDICTION OF ANCILLARY SUIT.—Where a decree is incomplete and ineffective for want of provision of any means for its execution, a bill in equity will lie to supply the imperfection so as to render the decree effective; and for the purpose of determining whether there is ground for equitable interposition the court may look to the real nature and character of the decree as it may appear in the light of surrounding circumstances.

3. STATES—RES JUDICATA.—Although the State may not be sued, yet if a suit be instituted by the State, the judgment therein rendered against the State will have the same effect as *res judicata* against it and all its officers and agencies as would a judgment against a private person in an action by or against him.

4. STATES—SUIT AGAINST LAND COMMISSIONER.—Where the rights of plaintiff and the State were adjudicated in a former suit by the State against plaintiff, and, to render the decree therein effective, plaintiff sues the Commissioner of State Lands, Highways and Improvements because of his failure to act in conformity with such decree, the suit is not one against the State within the prohibition of the Constitution against suing the State.

5. VENUE—RECOVERY OF LANDS IN SEVERAL COUNTIES—Under Crawford & Moses' Dig., § 1164, providing that actions for the recovery of real property must be brought in the county in which the subject of the action or some part thereof is situated, *held* that the statute applies to suits in equity to quiet title as well as to action of law, and that an ancillary action to enforce a former decree involving the title to lands situated in several counties may be brought in any county in which a part of the lands is situated.

Appeal from Drew Chancery Court; *E. G. Hammock,* Chancellor, affirmed.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants, for appellant.

An ancillary action is applicable to proceedings growing out of the original proceedings in the same court and dependent on such proceedings, and instituted for the purpose of enforcing a judgment or rendering complete justice among all parties in interest. 106 Fed. 170; Words & Phrases, vol. 1, p. 384. The question of jurisdiction, therefore, goes back to the jurisdiction of the court in the original suit.

1. Did the chancery court have jurisdiction to adjudicate title to land not located within the chancery district? Also did the chancery court sitting in one county have jurisdiction to adjudicate the title to lands in another county, though in the same chancery district? See Crawford & Moses' Digest, § 1164; 27 Ark. 482; 55 Ark. 442; 70 Ark. 346; 72 Ark. 376; 133 Ark. 250; 134 Ark. 337; 42 Ark. 442.

2. Jurisdiction could not be conferred, if originally lacking, by consenting to the amendment of the original complaint so as to embrace lands in another county in the same chancery district, and lands in another county in a different chancery district. 33 Ark. 31; 34 Ark. 399. See also, 5 Ark. 409; 29 Ark. 47; 90 Ark. 195; C. & M. §§ 3945, 3946, 3992-3; *Id.* §§ 4038-9; and 4048. We think that the venue statute should be limited in its application at least to the district constituting the court's venue.

*Moore, Smith, Moore & Trieber,* for appellee.

1. The jurisdiction of a court of equity to give effect, upon ancillary complaint, to a decree of the same court as the exigencies of the situation may require, is beyond question. 10 R. C. L. "Equity," § 106; 21 Corpus Juris, "Equity," § 867 *et seq.*

2. The principle of *res judicata* applies to the State and its officials. 15 R. C. L., Judgments, § 504.

3. The ancillary proceeding is not a suit against the State. Relief is asked against the Commissioner of State Lands, Highways and Improvements, who is bound by the original decree, and his acts in disregard thereof are not acts of the State, but an abuse of the authority conferred on him by statute. 25 R. C. L., par. 50; 245 U. S. 541.

4. The court in the original suit had jurisdiction of all the lands, although they were not parts of the same tract. C. & M. Digest, § 1164; 133 Ark. 250, 255. And it had jurisdiction of all the lands, although they were not all embraced within the same chancery district. The limitation suggested by appellant is unnecessary, since, under the statute, C. & M. Digest, § 6283, a certified copy of a decree affecting title to lands must be recorded in each county in which the lands lie. Moreover, the adoption of the suggested construction would require to be read into the venue statute words which are not there. Venue does not depend on the legal or equitable nature of the remedy sought, but solely on whether the action is *in rem* or purely *in personam*; if *in rem,* it is a local action, and if *in personam,* it is a transitory action, regardless of whether the action is brought at law or in equity. 42 Ark. 422, 439; 55 Ark. 442, 445; *Id.* 454; 133 Ark. 250, 257.

WOOD, J. In 1917 a suit was instituted by the State of Arkansas in the Drew Chancery Court against Mrs. Kate C. Parkinson. The object of the suit was to cancel the alleged title of Mrs. Parkinson to numerous tracts of land which she acquired from the State through mesne conveyances. The lands were situated in Drew, Ashley and Union counties. The chancery court entered a decree dismissing the complaint of the State for want of equity, and quieting the title to the lands in Mrs. Parkinson. No appeal was prosecuted from that decree. Some of the lands embraced in the decree Mrs. Parkinson still owns. Some she has sold, executing warranty deeds therefor. The records of the Commissioner of

State Lands, Highways and Improvements do not in any manner refer to the decree of the Drew Chancery Court above mentioned. This action was instituted by Mrs. Parkinson in the Drew Chancery Court in November, 1922, against the Commissioner of State Lands, Highways and Improvements. She attached as an exhibit to, and made a part of, her complaint, the decree of the Drew Chancery Court; also certificates of the records of Drew, Ashley and Union counties, respectively, showing that the decree had been recorded in those counties, and also the order of the Drew Chancery Court showing that the appeal prayed therefrom had been dismissed. Mrs Parkinson alleged, among other things, that in spite of the decree and the proceedings had thereunder, as shown by the exhibit attached to the complaint, the Commissioner of State Lands, Highways and Improvements threatened to issue deeds to lands embraced in the decree mentioned, to those who might apply to him for the purchase of the same from the State. Mrs. Parkinson alleged that the Commissioner was in receipt of applications, accompanied by the purchase price, from persons who do not claim by, through, or under her, for the purchase of various parcels of land from the State as swamp lands. She alleged that any deeds which he might issue would cloud her title and the title of those to whom she might convey. She prayed that the Commissioner be required to show the decree of the Drew Chancery Court above referred to on the records of his office, and that he be enjoined from issuing deeds to any of the lands embraced in that decree.

Herbert R. Wilson, Commissioner of State Lands, Highways and Improvements, was made defendant in the action. He, through the Attorney General, entered his appearance and demurred to the complaint, setting up, among other things, that the complaint failed to state a cause of action; that the court was without jurisdiction of the subject-matter. The cause was heard upon the demurrer, and, the defendant refusing to plead further,

the court entered a decree perpetually enjoining the defendant from issuing deeds or other instruments of conveyance affecting the lands embraced in the decree of the Drew Chancery Court entered January 4, 1917, and directing the Commissioner to execute to the plaintiff, Mrs. Parkinson, a deed or other instrument of conveyance in the name of the State of Arkansas, to each and all the tracts and parcels of land to which her title was quieted by the decree of January 4, 1917, and to enter upon the records of his office a memorandum of the disposition made of such lands by the decree of the Drew Chancery Court of January 4, 1917, to the end that the records of his office might show that the State of Arkansas does not have or claim any right, title or interest in and to any of said tracts of land embraced in that decree. From the decree is this appeal.

1. This appeal is from the decree of the Drew Chancery Court between the same parties in interest and pertaining to the same subject-matter that was embraced in the original decree of the Drew Chancery Court of January 4, 1917. By this action the appellee seeks to enforce that decree, by enjoining the appellant from selling any of the lands involved in that decree, and by entering upon the records in his office a memorandum or notation showing the effect of the decree of the Drew Chancery Court as to the lands that were the subject-matter of that decree. The allegations of the complaint bring it well within the original and undoubted powers of a court of chancery to entertain an action ancillary to the original proceeding in the same, or a different, court, and dependent upon such proceeding, and which has for its purpose the enforcement of a judgment or decree previously rendered, in order that complete justice may be done to the parties in interest, as the exigencies of the case may require. 10 R. C. L. p. 357, § 106; *Coltrane* v. *Templeton,* 106 Fed. 370-74, and cases there cited, 21 C. J., § 867.

"Where a decree is incomplete and ineffective for want of provision of any means for its execution, a bill in equity will lie to supply the imperfection so as to render the decree effective.. For the purpose of determining whether there is ground for equitable interposition, the court may look to the real nature and character of the decree as it may appear in the light of surrounding circumstances." *Gay* v. *Parpart,* 106 U. S. 679-699. The chancery court unquestionably had jurisdiction of the subject-matter of this action, and it had jurisdiction of the appellant, who was the Commissioner of State Lands, Highways and Improvements. The original action in which the decree of the Drew Chancery Court of January 4, 1917, was rendered, quieting title to the lands embraced and described therein in the appellee, was brought by the State, through her Attorney General and her special counsel, for that purpose. In 15 R. C. L., § 504, p. 1029, it is said: "Although neither the United States nor a State can be sued without its consent, yet if an action is instituted by the State or the United States, or against either, in a case where the law permits it to be sued, the judgment therein rendered will have the same effect as *res judicata* against it and all its officers and agencies as would a judgment in an action against a private person in an action brought by or against him."

2. The present ancillary action cannot be classed as a suit against the State. The rights of the State were adjudicated in the original chancery action. The decree in that action is now sought to be rendered effective by the present action because of the failure of one of the officers of the State to do certain things in order that the beneficiary of the decree in the original action may have that decree completely enforced so as to give her the relief to which she is entitled under it. Should the Commissioner of State Lands execute deeds to lands owned by the appellee, and whose title to which was quieted by the original decree, he would be performing an unauthor-

ized and illegal act. The complaint alleges that he threatens, and will do so, because the effect of the original decree is not reflected by the records of his office; that, so far as the records of his office are concerned, title to the lands appears yet to be in the State, notwithstanding the decree; that, should he execute deeds to these lands, it would cloud title of the appellee. The alleged threatened acts of the Commissioner of State Lands, if done by him, would be in contravention of any authority lodged in him by virtue of his office, and the present action is therefore one against him to prevent him from doing an illegal or unauthorized act, and to require him to make the necessary memorandum or notations of record to preserve the rights of the appellee secured to her by the original decree, and to make those rights effective.

As the title of the State has already been adjudicated, its Commissioner of State Lands, Highways and Improvements, by this action, can and should be required to do the things necessary to give the appellee the complete relief which she seeks and to which she is entitled under the original decree. As said in *Johnson* v. *Lankford,* 245 U. S. 541, "surely an officer of a State may be delinquent without involving the State in delinquency, indeed, may injure the State by delinquency as well as some resident of the State, and be amenable to both." See also 25 R. C. L. § 50, p. 414. In this action no relief is sought against the State. It is not charged that the State owes to the appellee any duty or that there is any liability on the part of the State growing out of any obligation to the appellee. The suit is not against the State.

3. In the original action in the Drew Chancery Court that court had jurisdiction of all the lands mentioned and described in the complaint and the decree. Section 1164 of Crawford & Moses' Digest provides as follows: "Actions for the following causes must be brought in the county in which the subject of the action, or some part thereof, is situated: First: For the re-

covery of real property, or of an estate or interest there-in. Second: For the partition of real property. Third: For the sale of real property under a mortgage, lien or other incumbrance or charge. Fourth: For an injury to real property."

The cause of action, as shown by the allegations of the complaint, is single and entire. It affects all the lands embraced in the original decree in the same manner, although these lands were situated in different counties, and some of them not within the territorial boundaries of the chancery district where the action was instituted. Since the lands situated in Drew County constituted a part of the subject of the action, the action instituted in that county drew to it, under the statute, jurisdiction over the lands situated in other counties. Under our decisions there is no distinction as to venue between the jurisdiction of courts of law and chancery. The jurisdiction of either cannot be made to depend upon the territorial boundaries of the district of which the particular court may be a part. So far as venue is concerned under the statute, it is the same whether the action be brought in the circuit court or in the chancery court. *Cox* v. *Railroad Company,* 55 Ark. 454.

The allegations of the complaint and the exhibits thereto show that the original action was brought in the chancery court of Drew County, where a part of the lands was situated. As between the State and the appellee, all of the lands embraced in the action, including those in Ashley and Union counties, as well as those in Drew were similarly affected by the decree, and the present action, which is ancillary to that, likewise involves and affects all of the lands in the same way. See *Harris* v. *Smith,* 133 Ark. 250-255. The subject of the action is the enforcement of the decree of the Drew Chancery Court. That decree was recorded in each of the several counties where the lands were situated, under the provisions of § 6283 of C. & M. Digest. As the subject-matter of this action involves all the lands embraced in the original

action and decree in the Drew Chancery Court in precisely the same manner, it is in the nature of a proceeding *in rem* operating directly upon the estate or title to the lands involved; and therefore a local action could have been brought in any county in which a part of the lands were situated. *Jones-McDowell & Co.* v. *Fletcher,* 42 Ark. 422-439; *McLaughlin* v. *McCrory,* 55 Ark. 442-445; *Harris* v. *Smith, supra.*

As we have shown, the action, having been brought in the Drew Chancery Court, where a part of the lands were situated, drew to it and gave that court jurisdiction over all the lands similarly affected, although situated in different counties, that were described in the complaint and embraced in the decree of the Drew Chancery Court of January 4, 1917.

The decree is in all things correct, and it is therefore affirmed.