ARKANSAS STATE HIGHWAY COMMISSION *v.* PARTAIN.

4-4656

Opinion delivered March 15, 1937.

*Jack Holt,* Attorney General, *Leffel Gentry,* Assistant, and *Herrn Northcutt,* for appellant.

*Partain & Agee,* for appellee.

BUTLER, J. The statement of facts in this case made by the appellant is fair and accurate and we adopt it as

our own. It is as follows: "Certain property owners, who were the respondents in the lower court and appellees here, sought and obtained in the Pulaski chancery court an injunction against the Arkansas State Highway Commission prohibiting the construction of a proposed viaduct or overpass in the city of Van Buren, Arkansas. Upon appeal of said cause to this court, the decision of the lower court was affirmed and the commission was restrained from constructing said overpass until provision was made for the ascertainment and payment of the damages to the respondents here.

"The highway commission brought this suit in the Crawford circuit court for the purpose of having the damages of the property owners adjacent to the proposed viaduct ascertained, and the sum of fifteen thousand ($15,000) dollars was deposited in the registry of the court from which to pay the amount of damages awarded by the judgment in this cause.

"Prior to the date of the trial of this cause, a proposition was made by the respondents to the attorney for the highway commission to settle the suit by paying to the respondents the sum of $12,500.00 and on the day set for trial the attorney for the commission appeared in open court and agreed to such settlement. Thereafter the respondents filed a motion with the court seeking the payment of the amount of money according to the settlement agreed upon by the attorneys for the highway commission. An attorney for the highway commission, other than the one agreeing to the settlement, filed a demurrer to this motion. After a hearing on the motion, the court entered its judgment ordering the sum of $12,500.00 to be paid to the respondents in accordance with the agreement of settlement."

This appeal is from the judgment of the trial court rendered on the hearing of the motion by which the clerk was ordered to pay to appellees the sum of $12,500. The questions raised by the appeal are whether or not the judgment, in effect, is a judgment against the state and the court, therefore, without jurisdiction to render it; and next, if the court had jurisdiction, whether or not the judgment is supported by the evidence. The first prop-

osition argued by appellant is that the court was without jurisdiction to render the judgment as it was in effect one against the state. In developing this contention counsel for appellant assert that the motion for an order directing payment to be made by the clerk, in which motion it was alleged that the case had been compromised and settled, was in effect a new cause of action and one against the state.

It was definitely settled in the case of *Arkansas State Highway Commission* v. *Nelson Brothers,* 191 Ark. 629, 87 S. W. (2d) 394, that the Highway Commission is an agency of the state and, while acting within the scope of its powers, is the state's *alter ego,* and consequently that a suit against it cannot be brought and maintained in state courts. This decision was grounded upon § 20, article V, of the Constitution which provides that the state shall not be made a defendant in any of her courts. In contending, however, that in no case can the courts render a judgment against the state, counsel misconceive the effect and purpose of the constitutional provision, *supra.* The prohibition is limited to a denial of any one to sue the state in her own courts. The state, however, by virtue of its sovereignty, may become a suitor in her own courts and, when she has done so, she has the same rights and is subject to like restrictions as a private suitor and must submit to, and abide by, the result. *Wilson* v. *Parkinson,* 157 Ark. 69, 247 S. W. 774; 25 R. C. L., chapter "States," § 44-46-48; 59 C. J., chapter "States," §§ 458-469 and 498, note 15.

The judgment appealed from was in a suit brought by the highway commission as the agency of the state and the motion was not a new or independent proceeding, but one properly interposed during the pendency of the suit as one of the pleadings therein. The judgment rendered and appealed from was a complete and final disposition of the case. In the case of *Arkansas Highway Commission* v. *Partain,* 192 Ark. 127, 90 S. W. (2d) 968, it was held that before proceeding to take the property, the same as that involved in the case at bar, proceedings should be commenced to condemn the property for public

use and a deposit made in court of a sum of money sufficient to pay any and all damages which might reasonably be assessed. Accordingly, the instant suit was instituted and a deposit of $15,000 made in the registry of the court. "This deposit is in effect the payment and an advance which the Constitution (Art. 2, § 22) requires as a condition precedent upon which the property must be taken. Such an order of the court and a deposit pursuant thereto places the fund in the hands of, and subject to the control of, the court." *Arkansas Highway Commission* v. *Partain, supra*. This case fully answers and refutes the contention of the appellant that the court was without jurisdiction to make the order complained of. The very purpose for requiring the deposit was that the court might thus obtain control of the fund and the right to make orders relating to its disposition. Of the cases cited by appellant in support of its contention above noticed, we have referred to the cases of *Highway Commission* v. *Nelson* and *Highway Commission* v. *Partain, supra*. The other cases cited are *Arkansas State Highway Commission* v. *Kincannon, Judge, ante*, p. 450, 100 S. W. (2d) 969; *Kansas City Bridge Co.* v. *State, etc.*, 298 U. S. 66, 56 S. Ct. 682, 80 L. Ed. 1386; Ex parte *State of New York*, 256 U. S. 490, 41 S. Ct. 588, 65 L. Ed. 1057; *Smith* v. *Reeves*, 178 U. S. 436, 20 S. Ct. 919, 44 L. Ed. 1140, and the decisions of some of the inferior federal courts. The cases decided by the federal courts merely recognized the doctrine that states, without their consent, are immune to suits. The case of *Highway Commission* v. *Kincannon, supra*, merely reaffirms the doctrine announced in the Nelson case to the effect that the state cannot be made a defendant in its own courts, and that the Legislature cannot consent.

The second proposition argued by the appellant is that the judgment is not supported by the evidence. The appellant argues that if the action on the part of the attorney for the Highway Commission amounted to a compromise and settlement of the claims of the appellees for damages and was sought to be availed of as a defense to the further maintenance of the suit, it should have been

especially pleaded and proved and could not be presented by a motion to dismiss. As authority for this position, appellant cites 12 C. J. at page 63. Appellant overlooks the fact that the motion was not presented as a defense to the further maintenance of the suit, but was for its conclusion in accordance with an agreement by counsel for the appellant previously made. Appellant, by its demurrer, admitted the truth of the matters alleged in appellees' motion for judgment. Moreover, on the day of the hearing of the motion, appellant admitted through its attorney that the allegations contained in the motion with reference to the agreement for settlement were true. There is no contention that the agreement made by the attorney as to the amount of the damage was improvident, that there was any fraud practiced in the procurement of the agreement, or that the attorney exceeded his authority. Since there was no dispute as to what the agreement was, there was no need for the introduction of any testimony. Certainly, the highway commission might, by compromise, in the first instance, settle disputed claims, and when these questions arose in court it had equal authority to make settlement and compromise. The cases cited by the appellant are authority against its contention and establish the power of the court, where compromise has been reached by the parties during the pendency of the suit, to render judgment upon the compromise agreement. *Ozark Ins. Co.* v. *Leatherwood,* 79 Ark. 252, 96 S. W. 374; *Union Central Life Ins. Co.* v. *Boggs,* 188 Ark. 604, 66 S. W. (2d) 1077. Indeed, there can be no question as to the power of the court in such cases, and, as we have seen, where there is no dispute regarding the terms of the agreement or contention made as to bad faith or fraud practiced, the taking of testimony would be an unmeaning and superfluous act.

We are of the opinion that the judgment of the trial court is correct, and it is, therefore, affirmed.