ARK. STATE HIGHWAY COMM. *v.* TRIPLETT

5-3549                                                      389 S. W. 2d 439

Opinion Delivered April 26, 1965.

*Mark E. Woolsey, Don Langston, Lindsey J. Fairley,* for appellant.

*Streett & Punkett,* for appellee.

Paul Ward, Associate Justice. The Arkansas State Highway Commission (hereafter referred to as appellant) brought an action in chancery court against E. E. Triplett and wife d/b/a Dixie Hotel Courts (hereafter referred to as appellees) to require appellees to remove certain signs allegedly located on the right-of-way of U.S. Highway No. 79.

Appellees answered, alleging: (a) they were the owners of the land in dispute, and (b), by way of cross-complaint, that appellant was attempting to take a twenty-foot-wide strip of their land worth $20,000, the prayer being that appellant's complaint be dismissed or that they be paid $20,000.

On May 11, 1964 the trial court, after a full hearing, entered the substance, the findings of facts, and the decree set out below:

"The property in question lies to the south and east of U.S. Highway No. 79; on July 11, 1928 the county court entered an order condemning the 160-foot-wide right-of-way in question (80 feet on each side of a center-line) beginning at a "station number and projecting a line by referring to tangents, bearings, degrees and minutes, as well as to footage". It was conceded the County Court Order was not published and that no notice was given to the affected land owners.

Prior to 1933 there was a fence some 15 to 18 feet west of the tourist cabins which faced away from the Highway.

The court finds that the 80-foot right-of-way line will run through eight of the nine cabins located on defendants' (appellees') property.

Appellees are the owners of the land in controversy which is valued at $4,225, and it will cost appellees approximately $10,234 to rebuild the cabins.

The court then *decreed* that upon payment by appellant to appellees the sum of $14,750, title to the land in controversy would vest in appellant.

There is no controversy over the above findings of facts except as hereafter indicated.

On appeal only two points are urged for a reversal: *One,* the trial court erred in finding appellant did not own the strip of land in controversy; *Two,* In any event the amount of damages is excessive.

*One.* It is our conclusion that the trial court must be reversed on this point. We do not think the weight of the evidence sustains certain findings of facts as will be pointed out.

Although the trial court's opinion does not specifically say so, its conclusion appears to be founded on the fact that Highway No. 79 (as constructed under the 1928 County Court Order) was not a *new* construction, but that it was a reconstruction of an already existing *old* road. If the construction here did amount to repairing an *old* road, then this case might possibly (depending on other pertinent facts) be controlled by the case of *Ark. State Highway Commission* v. *Dobbs,* 232 Ark. 541, 340 S.W. 2d 283 which might call for an affirmance.

From our understanding of the record, this was a *new* construction.

Mrs. Audrey Stough (former wife of Barney Joyce) testified that she and her former husband were the owners of the land in controversy in 1928 when the said County Court Order was entered; that they were not paid any damages for the land taken by either the county or the state; that the land now owned by appellees was conveyed by her and her husband (Barney) to Ed and Ola Cobb on March 7, 1929; the road which was constructed was the same as now located; and, *"that the stretch of road now involved in this litigation was new and that it replaced a former stretch of the Camden and Eagle Mill road, which also crossed the Joyce property at a point west of the new or present road".* This testimony was affirmed by E. W. Rogers (Engineering Technician for appellant).

"Q. Was this a new stretch, Mr. Rogers, or do the records reflect this?

"A. Yes, the records reflect that this is a new highway, a new location."

The testimony of Mrs. Audrey Stough and others shows that appellant entered on the new location, cleared the right-of-way, set stakes, dug ditches, and placed culverts while the Joyces were living on the land. At any rate it is not disputed that appellant began blacktopping the road in 1931, at which time the property belonged to Ed and Ola Cobb.

It is immaterial, under the above established facts, whether the Joyces had notice of entry while they were owners (and failed to file a claim within one year) or if the Cobbs first received notice of entry in 1931. It follows that if the Cobbs filed a claim (within one year) or if they failed to do so, appellees are barred from filing a claim at this late date. This question was clearly settled in *Ark. State Highway Comm. v. Cook*, 233 Ark. 534, 345 S.W. 2d 632.

We see no merit in appellees' contention that our holding in the *Cook* case just mentioned has been changed by Act 185 of 1963. The pertinent part of Section 2 of said Act reads as follows:

"Definition of Entry and Notice: (a) Any construction work performed on a road, street, or highway where the right-of-way thereof condemned by the County Court is on a new location was entry and was notice of the existence of such Condemnation Order, from the date of performance of the work, to the person owning (prior to the Court Order) the property entered upon."

Appellees say the words in parentheses refer only to a person who owned the land *before* entry of the County Court Order but who had disposed of the land at the time the order was made. Such interpretation, we think, is unreasonable and makes the statute meaningless.

*Two.* In view of the conclusion above reached it is unnecessary to consider the question of damages to ap-

pellees, but we feel the cause should be remanded for the purpose hereafter mentioned.

The trial court found that if appellant did own and claim all its right-of-way, it would be necessary to move or reconstruct eight of appellees' cabins. However, during the trial, it was stipulated between counsel on both sides that appellant had no intention of disturbing any of the cabins even though they (or some of them) were over the right-of-way line. Under our holding in *Arkansas State Highway Commission* v. *McNeil*, 222 Ark. 643, 644, 262 S.W. 2d 129, appellant is bound by the actions of its attorneys. See also *Arkansas State Highway Commission* v. *Partain*, 193 Ark. 803, 103 S.W. 2d 53.

Therefore, upon request by either side, the court should order a new right-of-way line established and made a matter of record for the protection of interested parties in the future.

After carefully reviewing the record, we find no merit in appellees' contention that (a) appellant did not sufficiently comply with Rule 9 of this Court in abstracting the record, and (b) did not lodge its appeal in this Court in due time. As was said in *Allen* v. *Overturf*, 236 Ark. 387, 366 S.W. 2d 189 it is the duty of appellant "to furnish this Court with such an abridgment of the record that will enable us to understand the matters presented". Although the record is not unusually large, the appellant's abstract totals twenty-nine pages, covering the necessary pleadings and the testimony of numerous witnesses. We cannot say Rule 9 was violated. (b) The decree in this case was entered May 11, 1964, notice of appeal was filed June 5, 1964, and on July 28, 1964 the court gave appellant seven months from May 11, 1964 (or until Dec. 11, 1964) to "file the reporter's transcript of the testimony, stenographically reported and designated to be contained in the record on appeal". The transcript was filed in the clerk's office of this Court on Dec. 11, 1964. This, we think, was a sufficient compliance with the statute.

The decree of the trial court is reversed, and the cause is remanded for further proceedings in accordance with this opinion.