Robert L. BARKER *v.* C. Dean NELSON, Robert A. Barker, II
and Sherry Barker, and Daniel Thomas Barker
and Pamela Barker

93-456                                                        866 S.W.2d 821

Supreme Court of Arkansas
Opinion delivered November 22, 1993

*Arnold, Hamilton & Streetman*, by: *Thomas S. Streetman*, for appellant.

*Griffin, Rainwater & Draper*, by: *Gary M. Draper*, for appellees.

STEELE HAYS, Justice. This is a second appeal. The litigation concerns a 1982 conveyance by Robert L. Barker and Helen Barker to their sons, Robert A. Barker II and Daniel Thomas Barker, appellees. In that transaction the parents deeded lots in Crossett to the sons, retaining a life estate in themselves. The deed was shown to the sons at a family gathering and then retained by the parents. Shortly after the meeting each son received a photostatic copy of the warranty deed.

After Helen Barker's death in 1988 Robert L. Barker announced his intention to remarry, prompting the sons to record one of the copies of the deed. Robert L. Barker filed suit to can-

cel and expunge the recorded deed as being merely a copy. The chancellor found that the deed had been delivered and that a valid conveyance of real property, subject to a life estate, had occurred. He further held the copy was not subject to recordation and should be expunged.

Robert L. Barker appealed solely on the issue that there had been no delivery and, hence, no conveyance of title. We rejected those contentions and affirmed, citing cases to the effect that while a grantor must ordinarily surrender dominion and control of a deed for delivery to occur, when a life estate is retained by the grantor, an effective delivery occurs where the grantor shows the deed to the grantee, though the instrument itself remains in the custody of the grantor. *See Barker* v. *Nelson*, 306 Ark. 204, 812 S.W.2d 477 (1991). Thus we affirmed the chancellor's holding that when Robert L. Barker showed the original deed to his sons, he effectively delivered the deed.

Soon after the decision in Barker I became final, the sons (appellees) were notified that appellant no longer had the original deed. Appellees then filed suit seeking authority to record a duplicate copy of the deed. That pleading was inadvertently docketed by the clerk in the circuit court of Ashley County rather than in the chancery court. Over appellant's objection the case was transferred to chancery and consolidated with the original suit. Appellees then petitioned for the appointment of a commissioner to execute a deed conveying the subject lots to them. A motion to strike that pleading was denied and the chancellor ordered the clerk to serve as a commissioner to execute and record a deed to the appellees. Robert L. Barker again appeals and again we affirm the chancellor.

Appellant argues that the chancellor erred in consolidating the later complaint (No. 92-49-1) with the original suit in equity (No. E-90-191-2), erred in denying the motion to strike and erred in appointing a commissioner to execute a deed. Several subsidiary theories are also advanced as a bar to appellees' suit: *res judicata*, rule of the case and compulsory counterclaim.

We do not think it necessary to address appellant's points in specific fashion. The problem with appellant's arguments, as we perceive them, lies not in the legal principles per se, but in

their application to this case. In other settings they might be controlling, but here they amount to little more than an artful attempt to undo and reverse what has already been resolved by trial and review. This case was tried on its merits, decided adversely to the appellant and unanimously affirmed on appeal. We can conceive of no sound reason why the chancery court should be powerless to do those things necessary to implement its decretal orders to a conclusion. We reject the contention that appellant's convenient misplacement of the original deed renders the chancellor impotent to enforce what has been decided and upheld. Certainly nothing in appellant's brief binds us to such an untoward result.

Whether the complaint in No. 92-49-1 was consolidated with the earlier case (No. E-90-191-2), or remained a separate case, matters not at all. The salient fact is that the chancery court, having jurisdiction of the parties and subject matter, had held that a valid conveyance had occurred and this court has long recognized the broad powers of equity to do those things necessary to finalize that result. *See* e.g. *Wilson* v. *Parkinson*, 157 Ark. 69, 247 S.W.2d 774 (1923):

> This appeal is from the decree of the Drew Chancery Court between the same parties in interest and pertaining to the same subject-matter that was embraced in the original decree of the Drew Chancery Court of January 4, 1917. By this action the appellee seeks to enforce that decree, by enjoining the appellant from selling any of the lands involved in that decree, and by entering upon the records in his office a memorandum or notation showing the effect of the decree of the Drew Chancery Court as to the lands that were the subject-matter of that decree. The allegations of the complaint bring it well within the original and undoubted powers of a court of chancery to entertain an action ancillary to the original proceeding in the same, or a different, court, and dependent upon such proceeding, and which has for its purpose the enforcement of a judgment or decree previously rendered, in order that complete justice may be done to the parties in interest, as the exigencies of the case may require. 10 R.C.L. Equity § 106 (1915); *Coltrane* v. *Templeton*, 106 F. 370 at 374 (1901) (and cases cited therein) and 21 C.J. *Equity* § 867 (1920).

"Where a decree is incomplete and ineffective for want of provision of any means for its execution, a bill in equity will lie to supply the imperfection so as to render the decree effective. For the purpose of determining whether there is ground for equitable interposition, the court may look to the real nature and character of the decree as it may appear in the light of surrounding circumstances." *Gay* v. *Parpart*, 106 U.S. 679 at 699 (1882).

For the reasons stated, the order appealed from is affirmed and the suit is remanded to the chancellor for such further proceedings as may be necessary to effectuate his orders.

Affirmed.