Mr. Steve N. Wilson, Director Arkansas Game and Fish Commission 2 Natural Resources Drive Little Rock, Arkansas 72205
Dear Mr. Wilson:
This official Attorney General opinion is issued in response to your recent questions regarding the Arkansas Game and Fish Commission's system of insuring its vehicle fleet, and how that system is impacted by the principle of sovereign immunity.
You state that the Arkansas Game and Fish Commission (AGFC) is considering a modification of its policies and procedures regarding its vehicle fleet. Under its current system, the AGFC is a self-insured agency. It is now considering various insurance options, among which is the possibility of continuing self-insurance for claims up to the amount of $100,000.00, and obtaining insurance coverage for claims falling between $100,000.00 and $500,000.00. The AGFC is concerned about several issues that arise in connection with this approach to insurance. Upon the basis of those concerns, you have presented the following questions:
 (1) If the AGFC self-insures up to $100,000.00, and purchases insurance coverage for claims falling between $100,000.00 and $500,000.00, does the AGFC, in effect, waive its claim to sovereign immunity for all or part of the claims made against it, or can the AGFC invoke sovereign immunity at will?
 (2) Will the use of a $100,000.00 deductible affect the AGFC's sovereign immunity and/or the authority of the Arkansas Claims Commission?
 (3) Who would be responsible for the settlement of the losses which fall below the deductible — the Claims Commission or the insurer?
 (4) Will settlement by the insurer be acceptable to the Claims Commission, and ultimately, the legislature?
 (5) If claims of under $100,000.00 continue to be decided by the Claims Commission, does the Claims Commission retain authority over claims in excess of $100,000.00, even though the AGFC is insured for claims over that amount, or can the AGFC, using its status under the Arkansas Constitution, limit the authority of the Claims Commission to settle the cases in question?
RESPONSE
Question 1 — If the AGFC self-insures up to $100,000.00, and purchasesinsurance coverage for claims falling between $100,000.00 and$500,000.00, does the AGFC, in effect, waive its claim to sovereignimmunity for all or part of the claims made against it, or can the AGFCinvoke sovereign immunity at will?
It is my opinion that neither the act of self-insuring nor the act of purchasing insurance coverage constitutes a waiver by the AGFC of sovereign immunity, but that these acts do operate to subject the AGFC to possible liability for claims that are covered by these forms of insurance and that are established in an appropriate forum.
The principle of sovereign immunity is stated in Article 5, § 20
of the Arkansas Constitution, as follows:
 The State of Arkansas shall never be made defendant in any of her courts.
ARK. CONST., art. 5, § 20.
The prohibition of the sovereign immunity that arises out of Article 5, § 20 is limited to a denial of any claimant's ability to sue the state in her own courts. Ark. State Hwy. Comm'n. v. Partain, 193 Ark. 803,103 S.W.2d 53 (1937).
INSTANCES IN WHICH SOVEREIGN IMMUNITY DOES NOT APPLY
Generally, there are two situations involving claims against the state in which sovereign immunity does not apply: (1) It does not apply in instances where it has been waived; and (2) It does not operate to prohibit claims against the state that are presented and established by means of a non-judicial mechanism that has been made available to claimants by law.
Waiver of Sovereign Immunity
The Arkansas Supreme Court has recognized only limited circumstances in which the state is deemed to have waived its right to sovereign immunity. State v. Staton, 325 Ark. 421 (1996). The two instances in which the court has recognized such a waiver are those in which the legislature has statutorily granted specific permission to sue the state in a court of the state, see, e.g., State v. Tedder, 326 Ark. ___ (1996); State v. Staton, 325 Ark. 421 (1996), and those in which the state voluntarily enters an appearance in a court proceeding and seeks affirmative relief. See, e.g., Ark. Dept. of Hum. Serv. v. State,312 Ark. 481, 850 S.W.2d 847 (1993); Ark. Game and Fish Comm'n v. Lindsey,299 Ark. 249, 771 S.W.2d 769 (1989).
The fact that the law recognizes only this limited scope of the waiver of sovereign immunity leads me to conclude that neither the AGFC's act of self-insuring nor its act of purchasing insurance coverage would constitute a waiver by the AGFC of sovereign immunity.[1] The AFGC can invoke sovereign immunity in any court proceeding in which it has not voluntarily appeared and sought affirmative relief, and in any instance in which the legislature has not statutorily granted specific permission to sue the state in a court of the state.[2]
The Non-Judicial Mechanism for Presenting Claims Against the State
As stated previously, the principle of sovereign immunity does not operate to prohibit claims against the state that are presented and established by means of a non-judicial mechanism that has been made available to claimants by law.
The primary non-judicial mechanism that has been created by law for the presentation and establishment of claims against the state is the Arkansas State Claims Commission, which was created in its current form by Act 276 of 1955. The legislature created the Claims Commission as a means of requiring the state to pay its valid debts and obligations, while preserving its sovereign immunity. See ARK. CONST., art. 16, § 2;Fireman's Insurance Co. v. Ark. State Claims Commission, 301 Ark. 451,784 S.W.2d 771 (1990). The Claims Commission is an arm of the legislature; it is not a court. Id. The principle of sovereign immunity therefore is not available to the state as a defense against claims that are presented to the Claims Commission. Although the existence of insurance coverage can impact upon proceedings before the Claims Commission (as explained more fully in response to Question 2), the existence of such coverage does not impact upon the non-availability of the defense of sovereign immunity.
It follows, accordingly, that the AGFC cannot assert the principle of sovereign immunity as a defense against claims that may be presented against it to the Claims Commission. The existence of insurance coverage — regardless of whether it may be self-coverage, purchased coverage, or a combination of the two — does not change this fact.
Question 2 — Will the use of a $100,000.00 deductible affect the AGFC'ssovereign immunity and/or the authority of the Arkansas ClaimsCommission?
It is my opinion, as explained in response to Question 1, that the type of insurance coverage that is chosen by the AFGC (and the amount of any deductible) has no bearing on the availability or non-availability of the defense of sovereign immunity. As also explained previously, the doctrine's availability is determined by other factors.
However, the type of insurance coverage that is chosen by the AGFC (and particularly, the amount of the deductible) can have an impact upon proceedings before the Claims Commission and upon the amount of damages that the Commission is authorized to award.
Under the provisions of the statutes governing the Claims Commission (A.C.A. § 19-10-301 through -306), claimants are required to exhaust all remedies against insurers before the Commission will hear the claim. A.C.A. § 19-10-302. In addition, the amount of any damages awarded by the Commission must be reduced by any amount received by the claimant under a policy of insurance not paid for by or on behalf of the claimant.
The question of whether either of these requirements will affect a given claim proceeding or any award granted will depend upon the particular facts of the case — and particularly upon the amount of the claim in question in light of the amount of insurance coverage and deductible. It is clear, nonetheless, that at the very least, a claim for less than the amount of the deductible will likely move more expeditiously to the Commission than one that falls within the scope of coverage.
Question 3 — Who would be responsible for the settlement of the losseswhich fall below the deductible — the Claims Commission or the insurer?
It is my opinion that the answer to this question will depend upon the provisions of the insurance policy contract in question. Some contracts may require the insurer to be involved in the settlement of losses that fall below the amount of the deductible. If the contract in question does contain such a provision, then under A.C.A. § 19-10-302, the claimant would be required to resort to that provision of the insurance contract before the Claims Commission could hear the case. If, on the other hand, the insurance policy contract does not contain a provision of this nature, and if the claim in question were for an amount lower than the amount of the deductible, the Claims Commission would have immediate jurisdiction to hear the case.
Question 4 — Will settlement by the insurer be acceptable to the ClaimsCommission, and ultimately, the legislature?
It is my opinion that the answer to this question will depend entirely upon the specific facts of the particular situation. As indicated previously, if settlement is undertaken by the insurer pursuant to a provision of the insurance policy contract, then such settlement is a remedy that must be exhausted by the claimant before the Claims Commission will hear the case. The Claims Commission, therefore will only address such settlement if the claimant finds the settlement unacceptable and presents that assertion to the Commission. Whether the Commission (and ultimately, the legislature) will be convinced by the claimant that the insurer's attempts to settle were, in fact, unacceptable, is entirely a question of fact that will turn on the particular circumstances and evidence presented.
Question 5 — If claims of under $100,000.00 continue to be decided by theClaims Commission, does the Claims Commission retain authority overclaims in excess of $100,000.00, even though the AGFC is insured forclaims over that amount, or can the AGFC, using its status under theArkansas Constitution, limit the authority of the Claims Commission tosettle the cases in question?
It is my opinion that the Claims Commission has authority to hear all claims against the AGFC, regardless of the amount of the claim (i.e., even those in excess of $100,000.00 for which AGFC is insured) — if the claimant has exhausted all remedies against the insurer prior to presenting the claim to the Commission.
Neither the AGFC's status as an independent constitutional body, see
Amendment 35 of the Arkansas Constitution, nor its status as an arm of the state to whom sovereign immunity applies, see Article 5, § 20 of the Arkansas Constitution, gives the AGFC the power to limit the Claims Commission's authority to hear any case.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] See Aetna Cas. Sur., Hartford, Conn. v. Brashears,226 Ark. 1017, 297 S.W.2d 662 (1956), in which the court recognized the continuing viability of the state's sovereign immunity, despite the enforceability of an insurance policy covering a political subdivision of the state.
[2] It should be noted that A.C.A. § 19-10-305 grants immunity from liability and suit to state officers and employees, "except to the extent that they may be covered by liability insurance." It is my opinion that this statute addresses only the personal liability of state officers and employees, and that the exception allowing suit against such officers and employees in the event of insurance coverage does not constitute a waiver of the state's sovereign immunity. Rather, the exception merely establishes a limitation on state officers' and employees' statutorily-granted immunity from personal liability and suit. It should be further noted that the provisions of A.C.A. § 21-9-203 require the state to pay actual damages adjudged or entered by a court against state officers and employees. This statute has never been interpreted to constitute a waiver of the state's sovereign immunity.