ARKANSAS STATE HIGHWAY COMMISSION v. McNEIL.

5-182                                    262 S. W. 2d 129

Opinion delivered November 16, 1953.

W. R. Thrasher, William L. Terry and John L. Hughes, for appellant.

Ernest Briner, for appellee.

GEORGE ROSE SMITH, J. In all but two material respects this case is similar to, and is governed by, our decision last week in Arkansas State Highway Commission v. Palmer, 222 Ark. 603, 261 S. W. 2d 772. In both cases the Highway Commission applied to the county court of Saline County for an order condemning a right of way for a state highway. Both applications were granted by the county court. This case differs first from the Palmer suit in that these landowners, after the rendition of the condemnation order, refused to permit the Highway Com-

mission to enter upon their lands. The Commission thereupon brought suit in the Saline Chancery Court for a restraining order. On January 14, 1952, the chancellor entered an order restraining the appellees from interfering with the Commission's entry upon the land, but the order was conditioned upon the Commission's depositing $15,000 to guarantee the payment of any damages that the appellees might suffer by reason of the entry. The Commission promptly made the required deposit and began construction of the highway.

In this case, as in the Palmer litigation, the landowners filed a claim in the county court and, after a hearing on the claim, appealed from an allowance which they thought to be inadequate. Both cases were tried before a jury in the Saline Circuit Court, this one resulting in a verdict and judgment for the appellees in the sum of $17,000. The second point of distinction between this and the earlier case is that here the court's jurisdiction to render judgment against the State was not questioned either at the trial in the circuit court or in the motion for a new trial. Nevertheless the Commission relies upon the court's lack of jurisdiction as the principal ground for reversal.

We think the Commission's position upon this issue must be upheld. Of course it is true that when the State voluntarily undertakes litigation and submits itself to the jurisdiction of the courts, it must be treated as other litigants and must be bound by the actions of its attorneys. But the point is that the State is not lawfully subject to liability in this case. The Palmer case and its predecessors have established the rule that in a proceeding such as this one, brought under Ark. Stats. 1947, § 76-510, the State is immune from liability; the sole responsibility rests upon the county, as a result of the county court's action in granting the request that a right of way be provided at county expense. To permit the State's attorneys to subject the sovereign to liability would be to ignore those fundamental principles which hold that the State's immunity to suit cannot be waived, *Ark. State Highway Com'n* v. *Nelson Bros.*, 191 Ark. 629,

87 S. W. 2d 394, that the State is not bound by the unauthorized acts of its agents, *Woodward* v. *Campbell*, 39 Ark. 580, and that the State is not estopped by an erroneous construction of law on the part of its representatives. *Terminal Oil Co.* v. *McCarroll*, 201 Ark. 830, 147 S. W. 2d 352. Since there is no authority in law for the rendition of this judgment against the State, it must be set aside.

After upholding the State's assertion of its freedom from direct liability, we obviously cannot sustain its further contention that the jury's verdict is excessive. That verdict and judgment are primarily the responsibility of Saline County, and the county has not seen fit to appeal. Perhaps, as counsel suggest, the State will ultimately bear a substantial part of the liability as a result of having made the $15,000 deposit as a condition to entering upon the land. But there the State voluntarily subjected itself to liability in order to proceed with the condemnation, and, having disclaimed responsibility upon the main issue, the State cannot rely upon the chancery case as a basis for arguing that its nonexistent liability is excessive. The possibility of a too liberal verdict against the county should have been considered before the chancery case was instituted.

Reversed.

Mr. Justice McFADDIN, and Mr. Justice MILLWEE dissent.