Roach *v.* Oaklawn Jockey Club, Inc.

5-797                                282 S. W. 2d 814

Opinion delivered October 17, 1955.

[Rehearing denied November 7, 1955.]

*Tom Gentry,* Attorney General, and *Kay Matthews,* Asst. Atty. General, for appellant.

*Mehaffy, Smith & Williams,* for appellee.

Lee Seamster, Chief Justice. On May 11, 1955, the appellee filed a suit in Pulaski Chancery Court, second division, against the Arkansas State Racing Commission, appellants herein, to permanently enjoin the commission from opening or considering any bids received by it pursuant to an advertisement for bids for the granting of a horse racing franchise in Garland County, Arkansas. The bids were to be received and filed no later than 10 A. M. on May 16, 1955. Appellee prayed for an order of the court temporarily restraining and enjoining the commission from opening or considering any of the bids received by it pursuant to this published notice, and from granting any franchise that would impair the appellee's rights under the franchise granted it by the former commission. A temporary order of the court was granted enjoining the appellants. Subsequently, a motion filed by the appellants to dissolve the temporary restraining order previously issued and to dismiss the complaint of

the appellee, was by the court overruled and the injunction was made permanent. The Chancellor further held that the appellee holds a valid franchise which became effective April 13, 1954, and extends for a period of ten years from that date.

The evidence reveals that the appellee was granted a valid and exclusive franchise on May 14, 1945, by the Arkansas State Racing Commission, to operate a horse racing track in Garland County, Arkansas. The franchise was to extend for a period of ten years from that date. In March, 1954, the Arkansas State Racing Commission had published a notice in the newspapers, as required by law, soliciting bids for the granting of a ten-year exclusive franchise for the purpose of horse racing in Garland County, Arkansas. The franchise was to commence on May 14, 1955, and extend for a period of ten years. In response to this published notice, the appellee submitted a bid in the amount of $100 for the franchise. On April 13, 1954, the commission declared appellee's bid to be the highest and best offered, therefore, it granted appellee the franchise for a period of ten years beginning May 14, 1955, which was 13 months subsequent to the time it was granted.

It is the contention of the present commission that the franchise granted in 1954, by the predecessor commission, is void as against public policy and as having been made without any power and authority in the predecessor commission to make the contract binding on the successor commission. Acting upon this premise and in compliance with an opinion of the Attorney General, the successor commission, on April 24, 1955, advertised and solicited bids for the granting of a ten-year exclusive franchise for horse racing in Garland County, to take effect after expiration of the previous franchise. In response to this published notice, the commission has received and now has in its possession, three sealed bids for the ten-year franchise. The bids have not been opened due to the injunction issued in this case.

The appellee has, under successive ten-year franchises, operated a horse racing track at Hot Springs, Arkansas, since 1935. During that period of time appellee has paid the State of Arkansas more than nine million dollars in revenue taxes. Once each year, for a 31-day period, the appellee has conducted a racing meet at Hot Springs. In 1955, the appellee paid the State the sum of $864,107.81, in revenue taxes. The appellee has expended large sums of money in improving and enlarging its racing plant; more than $300,000 since the issuance of the franchise of April 13, 1954. The appellee contends that these capital expenditures for plant improvement could not have been justified without first securing the franchise of 1954, which was to become effective on May 14, 1955, and extend for a period of ten years.

The controlling statute in this case is Act 46 of the Acts of 1935, as amended, appearing as Ark. Stats., Sec. 84-2701, et seq., (1947). The relevant portions of Section 9 of the Act read:

''Only one franchise to operate a race track shall be granted in any county, and said franchise shall in every instance be an exclusive franchise to hold racing meetings in the county for which it is issued . . .

''The franchise shall extend for a period of ten years from the date of the acceptance of the successful bid by the Commission . . .

''The Commission may at any time, and under the procedure above provided, advertise for bids on franchise in any county in the State in which there is not at the time an existing and exclusive franchise for the conduct of racing meetings.''

The franchise that was granted to appellee on April 13, 1954, to commence May 14, 1955, is void. The statute is specific in providing that only one racing franchise can exist in any one county at any one time and that such franchise shall be an exclusive one. The commission is authorized to advertise for bids for a franchise

only in a county in which there is not at the time an existing and exclusive franchise in existence. Further, the franchise is void since it is to commence some 13 months after the acceptance of the bid by the commission. The statute provides that the franchise shall extend for a period of ten years from the date of the acceptance of the successful bid by the Commission. To grant a franchise at that time, April 13, 1954, would be granting an additional franchise in that particular county in violation of the plain wording of the statute.

The commission had no authority to accept a bid and award a franchise to commence at a time in the future subsequent to the expiration of the present valid existing franchise. That is particularly true in this case because the law fixes the time the franchise goes into effect, as heretofore stated.

Estoppel does not apply to the facts in this case. It cannot be used to make an unauthorized act of a state agency lawful, when such act is unlawful or beyond the agencies power to act. *State Highway Comm.* v. *McNeil*, 222 Ark. 643, 262 S. W. 2d 129, and cases there cited.

The trial court erred in granting the injunction herein, therefore, the cause is reversed and dismissed.