FAIRBANKS *v.* SHEFFIELD.

5-1045                             292 S. W. 2d 82

Opinion delivered July 2, 1956.

*Spitzberg, Mitchell & Hays,* for appellant.

*Tom Gentry,* Attorney General, *Roy Finch, Jr.,* Assistant Attorney General, for appellee.

GEORGE ROSE SMITH, J. The appellees, as the members of the State Publicity and Parks Commission, have adopted a resolution providing for the issuance of $900,-000 of revenue bonds to finance the construction of a new lodge, twenty-five cottages, and other improvements at Lake Catherine State Park. The bonds are to be issued under the authority of Act 399 of 1953. Ark. Stats. 1947, § § 9-617—9-626. By this taxpayer's suit the appellant seeks (a) a declaratory judgment holding that in five particulars Act 399 is unconstitutional or has been repealed, and (b) an injunction against the proposed action of the Commission. The chancellor entered a declaratory decree upholding the statute in all five respects and dismissing the complaint.

I. It is first contended that Act 399 embodies an unconstitutional delegation of legislative power, in that the Commission is authorized to determine what improvements to the state park system are needed, what their cost will be, what rentals and service charges should be imposed, and other details in connection with the proposed development of Lake Catherine State Park.

This contention is not well taken. The General Assembly has exercised its legislative function by creating the state park system, committing its management to the appellee Commission, authorizing the Commission to maintain "suitable public services and conveniences" and to make "reasonable charges" for their use, and empowering the Commission to extend, develop, and improve the park system. Ark. Stats. §§ 9-601 and 9-617. The vesting of all legislative power in the General Assembly does not require its members to examine the plans for each cabin, to determine what each building should

cost, or to fix the rentals and fees charged at the various state parks. These administrative details pertain merely to the execution of the law and may properly be left to the discretion of a subordinate agency. *Hogue* v. *Housing Authority of North Little Rock,* 201 Ark. 263, 144 S. W. 2d 49.

II. Section 10 of Act 399 requires that the revenues securing the payment of the bonds be deposited in a bank instead of being covered into the state treasury. The contention that this procedure is forbidden by the constitution was rejected in *Gipson* v. *Ingram,* 215 Ark. 812, 223 S. W. 2d 595, and need not be re-examined.

It is also insisted that the provisions of § 10 were impliedly repealed by Act 330 of 1955, which directs the Commission to deposit in the state treasury all moneys received from the park system. Ark. Stats., § 9-206. The legislative background of the 1955 statute refutes the suggestion of an implied repeal. It was provided by Act 170 of 1937 that all money received from the operation of the state parks should be paid into the state treasury. Ark. Stats., § 9-601 (6). With that general law on the books the legislature adopted Act 399 of 1953, which deals only with the issuance of revenue bonds and which expressly directs that the pledged revenue be placed in a bank. This special directive is evidently intended to facilitate the sale of the bonds and represents an exception to the general policy adopted in 1937. By Act 330 of 1955 the legislature abolished the State Forestry and Parks Commission and transferred its powers and duties to the appellee Commission. Among the powers so transferred is that of issuing revenue bonds under the authority of Act 399 of 1953. It is true that in Act 330 of 1955 the legislature repeated its 1937 directive that all park funds be paid into the treasury, but there is no reason to think that the restatement of the general principle was intended to do away with the specific exception that the legislature had already brought into existence.

III. The appellant maintains that Amendment 20 to the state constitution prohibits the issuance of these bonds without their first having been approved by a popular vote. Act 399 provides, however, that the bonds shall not constitute an indebtedness of the State within the meaning of any constitutional limitation. It is settled that Amendment 20 does not apply to bonds for which the State's faith and credit are not pledged. *Davis v. Phipps*, 191 Ark. 298, 85 S. W. 2d 1020, 100 A. L. R. 1110; *McArthur v. Smallwood*, 225 Ark. 328, 281 S. W. 2d 428.

IV. Pursuant to § 4 of Act 399 the bond resolution provides that in the event of default in the payment of the bonds any bondholder may apply for the appointment of a receiver, who may take possession of the properties and facilities of Lake Catherine State Park and operate them. The receiver is authorized to fix and collect fees and charges sufficient to provide revenues for the payment of the bonds and the costs of the receivership.

The appellant is correct in his contention that this section of Act 399 is an unconstitutional attempt on the part of the legislature to consent to a suit against the State. The constitution provides that the State shall never be made defendant in any of her courts. Art. 5, § 20. This provision is mandatory and cannot be waived by the General Assembly. *Ark. State Highway Com'n. v. Nelson Bros.*, 191 Ark. 629, 87 S. W. 2d 394. It is immaterial that the petition for a receivership would not involve a money judgment against the State. An action for the recovery of property sold to the State under a title-retaining contract cannot be maintained. *Allen Engineering Co. v. Kays*, 106 Ark. 174, 152 S. W. 992. Specifically, we have held that bondholders cannot obtain the appointment of a receiver to take charge of State property, for "any suit, whether in law or in equity, which has the purpose and effect, directly or indirectly, of coercing the State is one against the State." *Watson v. Dodge*, 187 Ark. 1055, 63 S. W. 2d 993. It cannot be doubted that the State would be coerced by having

one of its parks taken from it and operated by a receiver for an indefinite period of time.

We conclude that those provisions of Act 399 which purport to authorize the bondholders to bring suit upon the bonds and to apply for the appointment of a receiver are invalid. These provisions, however, are clearly separable; their invalidity does not affect the rest of the Act nor impair any remedy that the bondholder may have in the form of an action for a writ of mandamus to compel the Commission to perform ministerial duties imposed by law. Whether such a remedy exists is not an issue in this case and is not determined by this opinion.

V. Finally, the appellant attacks § 7 of the Act, which reads: "All of the property controlled and operated by the Commission and the interest on all bonds issued hereunder shall be exempt from taxation by the State of Arkansas or by any municipal corporation, county, or other political subdivision or taxing district of the State, except that the bonds shall be subject to the payment of inheritance taxes." It is insisted that this language permits an exemption from property taxation, contrary to Article 16, § 6, of the constitution.

We do not so construe the language of the Act. The exemption of the Commission's own property from ad valorem taxation is clearly valid, since it is public property used for a public purpose. Art. 16, § 5. The reference to the bonds and interest thereon is somewhat ambiguous, and of course it is our duty to interpret the language, if possible, in such a way as to sustain the validity of the statute. We do not construe the Act as an attempt to exempt the bonds or their interest from ad valorem taxation, for such exemption would be invalid. *Jernigan* v. *Harris,* 187 Ark. 705, 62 S. W. 2d 5; *Ward* v. *Bailey,* 198 Ark. 27, 127 S. W. 2d 272. Rather, the only specific reference is to interest on the bonds, which indicates a legislative intention to exempt such interest from the state income tax. So construed, the exemption is valid. *Ward* v. *Bailey, supra.*

A declaratory judgment will be entered here, holding subsections (c) and (d) of § 4 of Act 399 to be unconstitutional. With this modification the decree is affirmed.