ARKANSAS GAME AND FISH COMM'N *v*
PARKER PARKER

5-5202                                          453 S. W. 2d 30

Opinion delivered April 13, 1970
[Rehearing denied May 18, 1970.]

*Joe Purcell,* Attorney General; *Don Langston,* Asst. Atty. Gen., for appellee.

*Parker Parker,* pro se.

CONLEY BYRD, Justice. Appellant, the Arkansas State Game and Fish Commission hereinafter referred to as Commission, filed this action (Cause No. 3440), to quiet its title to the NE ¼ Sec. 28, T. 5 N., R. 21 W. against Parker Parker. It based its title upon a warranty deed from Betsy Altman dated March 3, 1953, recorded in Deed Book 73 at page 474 in the Dardanelle District of Yell County. Other allegations in the complaint are as follows:

> "That notwithstanding the above allegations the sheriff and collector of Yell County, Arkansas, caused the said described property to be sold to the defendant herein, Parker Parker, at a tax sale on November 8, 1954, and that subsequent to the said sale, the Clerk of the County Court of Yell County, Arkansas, caused a clerk's deed of tax sale to be delivered to the defendant herein, Parker Parker, dated January 15, 1957, and filed for record April 15, 1957, at 10:00 a.m.

> That on or about the 17th day of September, 1959, the Chancery Court of Yell County, Arkansas, Dardanelle District, entered a decree confirming the title to the said lands described herein to the defendant herein, Parker Parker, said decree being found in Chancery Record H at Page 303 of the Chancery Records of Yell County, Arkansas, Dardanelle District.

> That the said decree and tax title issued pursuant thereto were null and void and of no effect since the property purported to be delinquent and confirmed was legally and equitably owned by the State

of Arkansas for the use and benefit of the Arkansas Game and Fish Commission.

That Ark. Stat. Ann. § 10-214 provides that no tax title shall be valid or binding against the equitable or legal interests of this State in or to any real estate whatever, but such tax titles are and shall be void, so far as the same shall conflict with the interests of the State, and shall be treated and considered as null and void in both law and equity in all courts of the State."

On motion of Parker the case of *Parker* v. *Certain Lands,* No. 3101 in the Chancery Court of Yell County, Dardanelle District, was consolidated with the action filed by the Commission. In Cause No. 3101 Parker sought to quiet title to numerous tracts of land purchased at tax sales over a number of years. The service obtained there was by newspaper publication. After publication of the notice the Commission voluntarily appeared and claimed four parcels but made no claim to the tract here involved. As a result Parker's complaint in Cause 3101 was dismissed as to those four parcels, but a decree was entered confirming Parker's title to the NE¼ Sec. 28, T. 5 N., R. 21 W., here involved.

Cause 3440 was submitted to the Chancellor upon motions by both parties for summary judgment. From a decree holding that the commission was estopped by the judgment in Cause 3101 from proceeding against the lands here involved, the Commission appeals. We agree with the trial court.

Our Constitution (1874) Art. 5, § 20 provides: "The State of Arkansas shall never be made defendant in any of her courts." In *St. Louis Southwestern Ry Co.* v. *Yates,* (CCA Ark. 1927), 23 F. 2d 283, the foregoing provision was construed to mean, "[T]hat the state cannot be compelled to defend in any action in a court of that state, but that the state may voluntarily appear and ask to be made a party in any action either in the state or the federal courts."

In *Arkansas State Highway Commission* v. *Partain,* 193 Ark. 803, 103 S. W. 2d 53 (1937), in construing the same provision, we said:

". . . In contending, however, that in no case the courts render a judgment against the state, counsel misconceive the effect and purpose of the constitutional provision, *supra.* The prohibition is limited to a denial of any one to sue the state in her own courts. The state, however, by virtue of its sovereignty, may become a suitor in her own courts and, when she has done so, she has the same rights and is subject to like restrictions as a private suitor and must submit to, and abide by, the result. *Wilson* v. *Parkinson,* 157 Ark. 69, 247 S. W. 774; . . ."

In *King* v. *Harris,* 134 Ark. 337, 203 S. W. 847 (1910), King filed an action as the only heir of Smith to recover possession of land from Harris and Fullerton. The prosecuting attorney appeared and defended on the basis that the lands had escheated to the state and requested that the cause be dismissed as an action against the state. In reversing the trial court's dismissal of the complaint, we said:

". . . The State has in effect become a party plaintiff to this litigation and the court should not thereafter have dismissed the complaint for the reason assigned, *i. e.,* that it was a suit against the state. . . ."

The cases from other jurisdictions are to the same effect. See *Stoner* v. *Rice,* 121 Ind. 51, 22 N. E. 968 (1889), and *Clark* v. *Barnard,* 108 U. S. 436, 27 L Ed. 780, 2 S. Ct. 878 (1883).

Therefore, as we understand the law, the Commission as an agency of the State was under no obligation to appear and defend in Cause No. 3101, but when it voluntarily did so it became bound by the decree entered therein like any other private suitor. Consequent-

ly, we agree with the Chancellor that the decree in Cause No. 3101 is conclusive of the issues raised by the Commission's complaint here in Cause No. 3440.

Affirmed.

HARRIS, C. J., and BROWN and FOGLEMAN, JJ., dissent.

JOHN A. FOGLEMAN, Justice, dissenting. I respectfully submit that an improper application of the doctrine of estoppel to divest the state of its title to real estate is being made by the majority. It seems to me that courts should be particularly reluctant to invoke this doctrine against the state acting in its sovereign capacity. See 28 Am. Jur. 2d 782, et seq., §§ 122 and 123 and cases cited; also, see Annot. 1 A. L. R. 2d 338 (1948) and cases cited. See also *United States v. Lee Wilson & Co.*, 214 F. 630 (E. D. Ark. 1914), aff'd, 227 F. 827 (8th Cir. 1915), aff'd, 245 U. S. 24, 38 S. Ct. 21, 62 L. Ed. 128 (1917). We should also be especially hesitant to apply the doctrine to vest title to real property, at least in the absence of actual fraudulent representation, concealment or conduct amounting to fraud in law, especially when the result is divestiture of the state's title. See 28 Am. Jur. 2d 723, Estoppel and Waiver, § 81, and cases cited. We recognized these principles when we refused to apply the doctrine of estoppel to bar the state from claiming title to an island, in spite of a positive statement by the State Land Commissioner that the state had no claim thereto. *Rankin v. Chancery Court*, 221 Ark. 110, 252 S. W. 2d 551, cert. denied, 345 U. S. 956, 73 S. Ct. 938, 97 L. Ed. 1377. We should exercise even greater restraint when we are called upon to apply estoppel based on disclaimer arising solely from inaction or omission of a state agency or official.

In considering the propriety of the chancery court action, we should keep in mind that it was taken by means of summary judgment in appellee's favor. We must also keep in mind that the decree upon which appellee relies was rendered on September 17, 1959, one

month after the entry of an order of dismissal as to the lands claimed by the Arkansas Game and Fish Commission in its answer. Consequently, this is not a situation in which a litigant can be said to be barred from attacking the validity of a decree under which he claims benefits, as was the case in *Crain* v. *Foster,* 230 Ark. 190, 322 S. W. 2d 443. Arkansas Game and Fish Commission does not, did not and has not claimed any benefit under that decree.

The Arkansas authorities cited in the majority opinion and those relied upon by the trial judge to invoke the doctrine of estoppel against the state are all cases in which the state had invoked the jurisdiction of the court as a plaintiff.[1] I have been unable to find any case in which the state's role has actually been that of a defendant. As a matter of fact, the state cannot become a defendant in its courts. It has uniformly been held that the state's immunity cannot be waived, even by the General Assembly. *Roesler* v. *Denton,* 239 Ark. 462, 390 S. W. 2d 98; *Bryant* v. *Arkansas State Highway Commission,* 233 Ark. 41, 342 S. W. 2d 415. Not many years ago we held unconstitutional an act which would have permitted courts to appoint a receiver for the properties and facilities of a state park upon default in the payment of bonds issued by the State Publicity and Parks Commission and secured by revenues from the park. *Fairbanks* v. *Sheffield,* 226 Ark. 703, 292 S. W. 2d 82. There we said that the provisions of Art. 5, § 20, of our Constitution are mandatory and not subject to waiver by the General Assembly.

If the General Assembly could not authorize its game and fish commission to become a defendant in the case so that an adverse judgment would be binding, certainly neither the commission nor its attorney could do so. We have heretofore held that agents of the state cannot act in such a manner as to give a

---

[1] There can be no doubt that appellant is "the state" insofar as the questions involved here are concerned. *Pitcock* v. *State,* 91 Ark. 527, 121 S. W. 742; *State* v. *University of Arkansas Board of Trustees,* 241 Ark. 399, 407 S. W. 2d 916.

court jurisdiction to render a judgment against the state or to validate a judgment rendered. In *Arkansas State Highway Commission* v. *McNeil,* 222 Ark. 643, 262 S. W. 2d 129, the highway commission filed its petition to the county court to obtain right-of-way under Ark. Stat. Ann. § 76-510 (Repl. 1957). After the entry of an order condemning the land, certain landowners filed a claim for compensation in the county court against the county and highway commission. After that claim was allowed, in an amount less than that sought, the case was heard on the landowners' appeal in the circuit court and judgment rendered there against both the county and the highway commission. The highway commission appealed.[2] The court's jurisdiction to render judgment against the state was not questioned at the trial in the circuit court or in the motion for new trial. The commission's principal ground for reversal involved this question. We said:

> We think the Commission's position upon this issue must be upheld. Of course it is true that when the State voluntarily undertakes litigation and submits itself to the jurisdiction of the courts, it must be treated as other litigants and must be bound by the actions of its attorneys. But the point is that the State is not lawfully subject to liability in this case. The Palmer case and its predecessors have established the rule that in a proceeding such as this one, brought under Ark. Stats. 1947, § 76-510, the State is immune from liability; the sole responsibility rests upon the county, as a result of the county court's action in granting the request that a right of way be provided at county expense. To permit the State's attorneys to subject the sovereign to liability would be to ignore those fundamental principles which hold that the State's immunity to suit cannot be waived, *Arkansas State Highway Commission* v. *Nelson Bros.,*

---

[2] The facts can best be fully understood by reading *Arkansas State Highway Commission* v. *Palmer,* 222 Ark. 603, 261 S. W. 2d 772, to which reference is made in the *McNeil* opinion.

191 Ark. 629, 87 S. W. 2d 394, that the State is not bound by the unauthorized acts of its agents, *Woodward* v. *Campbell,* 39 Ark. 580, and that the State is not estopped by an erroneous construction of law on the part of its representatives. *Terminal Oil Co.* v. *McCarroll,* 201 Ark. 830, 147 S. W. 2d 352. Since there is no authority in law for the rendition of this judgment against the State, it must be set aside.

If we applied the principles invoked in the *McNeil* case, we could not help saying that the action of the appellant and its attorneys cannot breathe life into an otherwise invalid judgment.

Following the decision in *McNeil,* we applied its precepts to deny the application of estoppel to a defense against a landowner's claim for damages against the highway commission by reason of loss of his cattle and damage to crops because of their being trampled and eaten by the cattle in an action brought by the commission to acquire lands for right-of-way. *Arkansas State Highway Commission* v. *Lasley,* 239 Ark. 538, 390 S. W. 2d 443. Prior to the assertion of his claim for these damages, the landowner had filed a claim with the State Claims Commission. The commission filed a motion to dismiss on the basis of the pendency of the condemnation suit. The motion contained an allegation that the suit was filed for the purpose of paying all damages to which the landowner was entitled. It also included an allegation that the claimant was not placed in the position of suing the state. This claim was then placed upon the inactive docket with the statement that the claimant had an adequate remedy at law. We held that the claim constituted a suit against the state and that the state's immunity was not waived, nor was the state estopped by these unauthorized acts of its representatives.

These two rather recent cases constitute very close parallels to the situation at hand, and I submit that they should be followed in this case.

534

Although it appears to me from the record before us that the confirmation decree and the tax sale under which appellee claims are void, I would reverse the summary judgment and remand the case for further proceedings to determine the remaining issues.

Harris, C. J., and Brown, J., join in this dissent.