CLAUDE M. BRUNSON ET AL *v.* LITTLE ROCK ROAD MACHINERY COMPANY ET AL

5-5695                                474 S.W. 2d 672

Opinion delivered January 10, 1972

*W. G. Wiley* and *L. A. Hardin,* for appellants.

*Owens, McHaney & McHaney;* by: *James M. Mc-Haney; Chowning, Mitchell, Hamilton & Chowning;* by: *Robert Chowning* and *Teague, Bramhall, Davis & Plegge;* by: *Jeff Davis, Jr.,* for appellees.

GEORGE ROSE SMITH, Justice. This case is unusual in that the chancellor entered judgment for the plaintiff upon the pleadings alone, without hearing any evidence and without resort to our summary judgment procedure. Our rule is that such a judgment should be entered only if the pleadings, construed liberally in favor of the defendants, show on their face that there is no defense to the suit. *Reid* v. *Karoley,* 229 Ark. 90, 313 S. W. 2d 381 (1958). Here the appellants insist that their counterclaim

presented questions of fact that should have been heard in the trial court.

The litigation arises out of the sale of a tractor. In 1969 the plaintiff-appellee, Little Rock Road Machinery Company, sold the tractor to the principal defendant, Claude M. Brunson. Brunson executed a note and conditional sales contract for the unpaid purchase price of $37,816. He and his wife also executed a real estate mortgage as additional security for the debt.

In the early part of 1970 the purchasers defaulted in their monthly payments. On July 24, 1970, the seller filed the present suit, asking for the appointment of a receiver to take possession of the tractor, for judgment for the unpaid purchase price, for the sale of the tractor, and for foreclosure of the real estate mortgage.

Six days later, on July 30, the defendants filed their answer and counterclaim. The answer admitted the allegations of the complaint. The counterclaim asserted that the tractor was defective from the outset, in that it overheated to a dangerous degree whenever it was operated. Despite the seller's assurances that the condition was not dangerous, the tractor was heavily damaged by fire several weeks after the defendants bought it. It took the seller about 60 days to repair the tractor, at a cost of $13,152.25. In that interval the purchaser Brunson was damaged to the extent of $25,000 by reason of not being able to use the tractor in various land-clearing jobs. Later on the defendants amended their counterclaim to assert two additional causes of action: One, that the seller had agreed to pay part of the damages that resulted from the fire, and, two, that the seller had agreed to rewrite the real estate mortgage so that it would secure only the first four monthly notes, totaling $7,000, instead of the entire debt of $37,816.

The chancellor was in error in entering judgment upon the pleadings. He mistakenly took the view that the defendants could not file a counterclaim or an amended counterclaim after having elected initially to admit the allegations of the complaint. Our law, how-

ever, is liberal in allowing a defendant to file new pleadings or to amend his pleadings from time to time, as long as there is no unreasonable delay in the disposition of the case. *Huffman* v. *City of Hot Springs*, 237 Ark. 756, 375 S. W. 2d 795 (1964). There we pointed out that in some instances, such as a counterclaim for personal injuries, it might be impossible for the counter-claimant to know the extent of his injuries within the time originally allowed for the filing of an answer.

In this court the seller argues that under the Uniform Commercial Code the purchasers waived the causes of action asserted in their counterclaim by making payments upon the purchase price after the tractor had been repaired and returned to them. That question, however, is not yet firmly at issue. The appellants are not in the position of having elected to stand upon their pleadings after a demurrer thereto had been sustained. Quite the contrary, they vigorously objected to the court's action in sustaining the plaintiff's oral motion to strike the counterclaim. Even after the remand of the case to the trial court the defendants may interpose new defenses by amendment. *Stucker* v. *Hartford Acc. & Ind. Co.*, 222 Ark. 268, 258 S. W. 2d 544 (1953). Hence it would be both idle and premature for us to express an opinion upon the pleadings as they now stand.

Reversed.