ESTATE of Virgie HASTINGS *v.* PLANTERS AND STOCKMEN BANK

91-92                                          818 S.W.2d 239

Supreme Court of Arkansas
Opinion delivered October 21, 1991

*Dan Stripling*, for appellant.

*Murrey L. Grider*, for appellee.

ROBERT L. BROWN, Justice. This is an appeal from an order of the chancery court denying the appellant, the Estate of Virgie Hastings, an incompetent, judgment on the pleadings against the appellee, Planters and Stockmen Bank. It is also a cross appeal by the cross appellant Bank from an order denying the Bank summary judgment on grounds of laches. We affirm on direct appeal and dismiss the cross appeal.

On December 28, 1983, Richard Hastings and Laveda Hastings, his wife, who were the owners of a sports business named Sportshaven in Jonesboro, executed a promissory note in conjunction with Virgie Hastings, the grandmother of Richard Hastings, in the amount of $169,000 in favor of the Bank. As security for this note, Virgie Hastings assigned a promissory note made payable solely to her by Louis Ahrent in the principal amount of $256,000. On December 7, 1984, a guardian of the person and the estate of Virgie Hastings was appointed due to her incompetency.

On October 3, 1985, the Bank sued to collect on its promissory note and joined Virgie Hastings as a party defendant. The Estate answered and counterclaimed, denying execution of the note and raising lack of mental capacity to make the note. On

July 15, 1986, the Bank obtained summary judgment against Richard and Laveda Hastings. On December 11, 1987, the Estate amended its counterclaim to include a prayer for repayment of all sums paid the Bank from the Ahrent proceeds or, alternatively, for any overage paid the Bank by the Estate. On January 4, 1988, the circuit court expanded its summary judgment order to include the Estate of Virgie Hastings and terminated all issues pending between the Bank and the Estate.

On the first appeal by the Estate, this court reversed the circuit court's expanded summary judgment order on the basis that material facts concerning Virgie Hastings's execution of the note remained to be determined and the order was not final. *See Estate of Hastings* v. *Planters and Stockmen Bank,* 296 Ark. 409, 757 S.W.2d 546 (1988). On remand the Bank first moved for summary judgment on grounds that the Estate's counterclaim was barred by laches. This motion was denied. The Bank then moved to transfer the case to equity due to its laches defense and in that motion declared that it "requests no relief from the Estate of Virgie Hastings, the incompetent." The Estate moved for judgment on the pleadings on grounds that this statement in the Bank's motion evidenced an abandonment of its claim against the Estate. On February 21, 1990, the circuit court denied the Estate's motion for judgment and transferred the case to chancery. By order entered December 29, 1990, the chancery court, after a full hearing, found that the money from the Ahrent note had overpaid the Estate's obligation to the Bank, and that the Estate was entitled to judgment against the Bank in the amount of $60,196.23. In that same order the chancery court found that Virgie Hastings was competent when she executed the note to the Bank and assigned the Ahrent note on December 28, 1983.

The Estate first argues that the chancery court erred in denying its motion for judgment on the pleadings under Ark. R. Civ. P. 12(c) (1991). The thrust of the Estate's argument is that the Bank "pled itself out of court" by stating that it requested no relief against the Estate in its motion to transfer.

There was an obvious reason for the Bank to relinquish its claim against the estate — it had been paid in full by the proceeds from the Ahrent note. To argue now, as the Estate does, that this relinquishment somehow voids the Bank's prior cause of action

and mandates repayment of all payments made to the Bank on behalf of Virgie Hastings, as prayed for in the Estate's counterclaim, does not logically follow.

It is the position of the Estate that a party must put on proof and take judgment before it can be made whole. The Estate gives much weight to the fact that the Bank did have judgment against the Estate when it collected the Ahrent proceeds to pay off the Hastings note. There was also a stipulation between the Bank and the Estate at the time the Ahrent proceeds were paid which stated that payment would not affect the Estate's counterclaim against the Bank in the event that the judgment against the Estate was reversed on appeal.

But the fact that the summary judgment against the Estate was reversed by this court does not automatically mean that the Ahrent note proceeds paid to the Bank in satisfaction of Virgie Hastings' obligation must be returned. The chancery court after full hearing found that Virgie Hastings was lucid on December 28, 1983, and knew what she was doing when she signed the note and assigned her interest in the Ahrent proceeds. That is what decides this matter. The fact that a valid judgment was not in effect at the time of payment is not determinative especially since the Estate had its day in court and was able to raise its defenses and present evidence on its counterclaim.

■ Motions for judgments on the pleadings are not favored by the courts. *Reid* v. *Karoley*, 229 Ark. 90, 313 S.W.2d 381 (1958); *see also* 71 C.J.S. *Pleadings* §§ 424-425. Such a judgment should be entered only if the pleadings show on their face that there is no defense to the suit. *Brunson* v. *Little Rock Road Machinery Co.*, 251 Ark. 721, 474 S.W.2d 672 (1972). When considering the motion, we view the facts alleged in the complaint as true and in the light most favorable to the party seeking relief. *Smith* v. *American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991); *Battle* v. *Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989).

■ Here, for the Estate to prevail on its counterclaim, it needed to establish fraud, incompetence, or undue influence at the time Virgie Hastings executed the note and assignment. The pleadings — that is, the amended complaint, answer and amended counterclaim, and answer to amended counterclaim —

on their face did not resolve these issues, which is argument enough against a judgment on the pleadings. Moreover, the Estate went outside of the pleadings in making its Rule 12(c) motion and pulled allegations of abandonment of the claim from the Bank's motion to transfer. A motion is clearly not a pleading. *See* Ark. R. Civ. P. 12(b); *see* 2A *Moore's Federal Practice* ¶ 7.05 (2d ed. Supp. 1991). The chancellor did not err in denying the Estate's motion for judgment.

■ For its second issue the Estate covers much of the same ground and argues that the Bank waived its claim against the Estate in its motion to transfer and should not be permitted to retain the Ahrent proceeds because, again, it deprived the Estate of the ability to raise its defenses and claims. We do not agree. The Estate was able to and, indeed, did advance its defenses and counterclaim against the Bank and prevailed on its claim that the Bank had been overpaid. The Estate argues specifically that it was denied the ability to contest an assignment of the Ahrent note. The Estate, though, offered no proof at trial that Virgie Hastings's assignment of the Ahrent note was invalid. It merely raised the issue in argument at the end of the hearing. We will not consider arguments on appeal that were not fully developed at the trial level. *See Goldsmith* v. *Arkansas Dept. of Human Services*, 302 Ark. 98, 787 S.W.2d 675 (1990). We further note that there was nothing to prevent the Estate from amending its counter-claim in timely fashion and presenting whatever proof it deemed necessary to prevail on this point. The Estate failed to do this.

■ Finally, on cross appeal the Bank challenges the chancery court's ruling which denied the Bank's motion for summary judgment on grounds of laches. According to the Bank, the Estate was unreasonably dilatory in asserting overpayment of the note with the Ahrent proceeds. The Bank brings its cross appeal in an improper form. We have long held that denial of summary judgment is not an appealable order or subject to review after a trial on the merits. *See McElroy* v. *Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991); *Rick's Pro Dive 'n Ski Shop, Inc.* v. *Jennings-Lemon*, 304 Ark. 671, 803 S.W.2d 934 (1991).

Affirmed on direct appeal and dismissed on cross appeal.