Pauline HARTWICK, *et al. v.* Bradley R. HILL
and Connie Lee Hill

CA 01-891                                             80 S.W.3d 757

Court of Appeals of Arkansas
Divisions I and II
Opinion delivered July 3, 2002
[Dissenting opinion only
on denial of Petition for Rehearing]

JOHN MAUZY PITTMAN, Judge, dissenting. I disagree with
the majority's conclusion that the February 2001 order was
final for purposes of appeal.

The appeal arises from an order granting appellees a roadway
across appellant's land pursuant to Ark. Code Ann. § 27-66-401
(Repl. 1994). That statute allows an owner of land, situated so as
to make an access road over the land of another necessary, to com-
pel an adjacent landowner to permit the establishment of an access
road. The landowner from whom the right-of-way is taken is
entitled to recover money damages for the land actually taken and
for any damage done to the balance of his land. *Arkansas Game &
Fish Commission v. Lindsey*, 299 Ark. 249, 771 S.W.2d 769 (1989).

Here, the trial judge entered an order in February 2001
establishing appellees' right to a roadway across appellant's land.
The majority has declared that this was a final order from which
the appeal should have been taken. I disagree. Express exceptions
aside, an appealable order is one that dismisses the parties from the
court, discharges them from the action, or concludes their rights
to the subject matter in controversy. *Petrus v. Nature Conservancy*,
330 Ark. 722, 957 S.W.2d 688 (1997).

The February order patently fails to resolve all the outstand-
ing issues presented to the trial court. As previously noted, the
landowner from whom a right-of-way is taken is entitled to
recover money damages for the taking, but the February order did
not finally resolve the issue of money damages. Instead, the Feb-
ruary order specifically orders that a survey be made by a qualified

and licensed surveyor so as to "provide a legal description of the property to be conveyed and an exact quantity of the land taken" so that money damages could be awarded on the basis of the quantity of land actually taken. Simply put, the February order reserved for later decision the question of monetary damages; ergo, that order does not conclude the parties' rights to the subject matter in controversy and is, by definition, not a final order.

The majority appears to argue that the February order is nevertheless final because it provides a formula for determining the monetary damages by announcing that the ultimate award will be computed on the basis of $6,000.00 per acre. I do not understand this argument. No monetary award can be computed on the basis of the February order because that order expressly leaves unresolved the other variable necessary to compute the monetary damages, *i.e.*, the exact quantity of the land taken. Even ignoring the glaring absence of a money judgment, the February order could be viewed as a final resolution of the parties' rights only were we to assume that the trial judge wholly abdicated his duty to pass on the credibility of the ordered survey and intended to accept the results of the surveyor without regard to whether the surveyor's measurement of the area taken amounted to a few square inches or the entire North American continent. But it would be error for the trial judge to abdicate his responsibility to make the necessary factual findings, and we may not presume that he made such an error in the absence of a showing to the contrary. To the contrary, in the absence of a showing otherwise, the presumption attendant upon every judgment of a court of competent jurisdiction is that it was entered in accordance with the law. *See, e.g., Davis v. Schimmel,* 252 Ark. 1201, 482 S.W.2d 785 (1972). In the present case, there is no indication that the trial judge considered that the February order concluded the rights of the parties to the subject matter in controversy. Any lingering doubts should be removed by the trial judge's own statement, in a subsequent order, that he did not consider the February order to be final because it did not conclude the rights of the parties by awarding money damages.