## LANDSNPULASKI, LLC *v.*
## ARKANSAS DEPARTMENT of CORRECTION

06-1334                                        269 S.W.3d 793

### Supreme Court of Arkansas
### Opinion delivered December 13, 2007

*Stephen E. Whitwell,* for appellant.

*Dustin McDaniel,* Att'y Gen., by: *Patrick E. Hollingsworth,* Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. This appeal arises from an August 7, 2006, order of the Pulaski County Circuit Court, granting a motion for judgment on the pleadings filed by Appellee Arkansas Department of Correction (the ADC). Appellant LandsnPulaski, LLC, (LandsnPulaski) now brings this appeal and argues that the circuit court erred in granting the ADC's motion for judgment on the pleadings. We affirm the circuit court's ruling.

The ADC bought several parcels of land from the Virginia Alexander Family Limited Partnership on December 10, 1999. The Pulaski County Tax Collector later certified the land in question to the Commissioner of State Lands as being tax delinquent. The land was sold in a tax sale to LandsnPulaski on July 13, 2004, for $7,000. On August 18, 2004, LandsnPulaski obtained a limited warranty deed from the Commissioner of State Lands.

On December 30, 2004, LandsnPulaski filed an action against the ADC to quiet title to the property and "any person, entity or organization" claiming an interest in the property at issue. The ADC filed its answer on February 3, 2005. On February 1, 2006, the ADC filed a motion for judgment on the pleadings, arguing that (1) the property was exempt from taxation; (2) that the ADC had sovereign immunity; and (3) that the Commissioner of State Lands had no authority to convey the property to Appellant. On August 7, 2006, the circuit court granted the ADC's motion for judgment on the pleadings, finding that the ADC was immune from suit pursuant to Article 5, Section 20 of the Arkansas Constitution. The circuit court further ruled that the title under which LandsnPulaski claimed the land at issue was a tax title and therefore void as to the interest of the State under Ark. Code Ann. § 22-5-402 (Repl. 2004). On August 28, 2006, LandsnPulaski filed its notice of appeal.

## I. Motion for judgment on the pleadings

For its first point on appeal, LandsnPulaski argues that the circuit court erred in granting the ADC's motion for judgment on the pleadings. Specifically, LandsnPulaski asserts that (1) it stated sufficient facts for title to the property to be quieted; (2) sovereign immunity is not applicable to this case because the action to quiet title falls under the ministerial-act exception; (3) even if sovereign immunity does apply in this case, it was waived when the ADC filed an answer and made an appearance in this matter; and (4) the Arkansas Attorney General has a duty under Ark. Code Ann.

§ 22-5-401 (Repl. 2004) to institute an action to quiet title to the subject property if it appears that another party is claiming ownership.

The ADC responds, arguing that the trial court correctly granted the ADC's motion for judgment on the pleadings because the complaint is barred by sovereign immunity. The ADC further argues that the ministerial-act exception to immunity does not apply in this case, and that the State has not waived its immunity.

Motions for judgments on the pleadings are not favored by the courts. *Estate of Hastings v. Planters & Stockmen Bank*, 307 Ark. 34, 818 S.W.2d 239 (1991) (citing *Reid v. Karoley*, 229 Ark. 90, 313 S.W.2d 381 (1958)); *see also* 71 C.J.S. *Pleadings* §§ 424-425. Such a judgment should be entered only if the pleadings show on their face that there is no defense to the suit. *Brunson v. Little Rock Road Mach. Co.*, 251 Ark. 721, 474 S.W.2d 672 (1972). When considering the motion, we view the facts alleged in the complaint as true and in the light most favorable to the party seeking relief. *Smith v. American Greetings Corp.*, 304 Ark. 596, 804 S.W.2d 683 (1991); *Battle v. Harris*, 298 Ark. 241, 766 S.W.2d 431 (1989).

Article 5, section 20, of the Arkansas Constitution provides that "[t]he State of Arkansas shall never be made defendant in any of her courts." Ark. Const. art. 5, § 20. Sovereign immunity is jurisdictional immunity from suit, and jurisdiction must be determined entirely from the pleadings. *Clowers v. Lassiter*, 363 Ark. 241, 213 S.W.3d 6 (2005) (citing *Ark. Tech Univ. v. Link*, 341 Ark. 495, 17 S.W.3d 809 (2000)). In determining whether the doctrine of sovereign immunity applies, the court should determine if a judgment for the plaintiff will operate to control the action of the State or subject it to liability. If so, the suit is one against the State and is barred by the doctrine of sovereign immunity. *Id.*; *see also Grine v. Board of Trustees*, 338 Ark. 791, 2 S.W.3d 54 (1999); *Fireman's Ins. Co. v. Ark. State Claims Comm'n*, 301 Ark. 451, 784 S.W.2d 771 (1990); *Page v. McKinley*, 196 Ark. 331, 118 S.W.2d 235 (1938).

In the present case, a judgment quieting title in LandsnPulaski would extinguish any claim the ADC has in the property, thus impacting the State's assets. Such a judgment would operate to control the actions of the State. *See Clowers, supra.* Therefore, we conclude that the suit filed by LandsnPulaski to quiet title is a suit against the State and is barred by the doctrine of sovereign immunity. *Id.* We now turn to whether any exceptions to the doctrine of sovereign immunity apply in this case.

### A. Ministerial-act exception

We will first address whether the action to quiet title falls under the ministerial-act exception to sovereign immunity. If the state agency is acting illegally or if a state agency officer refuses to do a purely ministerial action required by statute, an action against the agency or officer is not prohibited. *Travelers Cas. & Surety Co. v. Ark. State Highway Comm'n*, 353 Ark. 721, 120 S.W.3d 50 (2003); *Commission on Judicial Discipline & Disability v. Digby*, 303 Ark. 24, 792 S.W.2d 594 (1990); *Federal Compress & Warehouse v. Call*, 221 Ark. 537, 254 S.W.2d 319 (1953).

In the present case, LandsnPulaski's complaint to quiet title did not plead facts or assert that the ADC acted illegally or refused to perform a purely ministerial action required by statute. Rather, the complaint asked that the circuit court foreclose "any and all claims, interests, rights, or ownership in and to the property by The State of Arkansas Department of Correction; as well as all other persons, entities, or organizations claiming any right, title or interest in and to said real property; and that [LandsnPulaski] be granted all such other proper, just and equitable relief to which it might be entitled." Further, LandsnPulaski provides no authority or convincing argument that this case involves a purely ministerial act required by statute. Therefore, we hold that this exception to sovereign immunity does not apply in this case.

### B. Affirmative-relief exception

The only exception to total and complete sovereign immunity that we have recognized occurs when the state is the moving party seeking specific relief. In that instance the State is prohibited from raising the defense of sovereign immunity as a defense to a counterclaim or offset. *See Fireman's Ins.*, *supra* (citing *Parker v. Moore*, 222 Ark. 811, 262 S.W.2d 891 (1953)). LandsnPulaski relies on *Arkansas Game & Fish Commission v. Lindsey*, 299 Ark. 249, 771 S.W.2d 769 (1989) (*Lindsey II*) and *Arkansas Game & Fish Commission v. Parker*, 248 Ark. 526, 453 S.W.2d 30 (1970) for its assertion that sovereign immunity was waived because the ADC filed an answer and made an appearance in this matter.

Article 5, section 20 does not prohibit the State from waiving immunity or voluntarily entering its appearance. *See Lindsey II*, *supra*. In *Lindsey II*, we stated:

In *Lindsey I* the Commission voluntarily entered its appearance and sought affirmative relief. Having entered its appearance on this matter in the Faulkner County Chancery Court proceeding the Commission cannot at this time claim sovereign immunity. We held in *Arkansas Game and Fish Commission v. Parker*, 248 Ark. 526, 453 S.W.2d 30 (1970), that the Game & Fish Commission was under no obligation to appear and defend a cause of action, but upon voluntarily doing so, it became bound by the decree of the judgment like any other person.

*Id.* at 251, 771 S.W.2d at 770.

However, the facts in *Lindsey II* and *Parker* are distinguishable from those of the present case. In *Parker*, the Arkansas State Game and Fish Commission filed its own action to quiet title. In *Lindsey II*, we held that the State could not claim sovereign immunity, having previously entered its appearance in *Lindsey I*, where the Commission filed an answer, a compulsory counterclaim, and a third-party complaint. Clearly, in both of these cases the State was asking for affirmative relief.

In the present case, the ADC simply filed an answer after being served with the summons and complaint. The filing of this answer was a purely defensive action on the part of the ADC. In its answer, the ADC clearly asserted that LandsnPulaski's complaint was barred by sovereign immunity because the ADC is an agency of Arkansas. LandsnPulaski asserts that the ADC did not merely file an answer, but sought affirmative relief from the circuit court. In its answer, the ADC requests that "the Complaint be dismissed, that title be quieted in ADC, and for all other appropriate relief." LandsnPulaski argues that the phrase "all other appropriate relief" is a request for affirmative relief that waived the ADC's sovereign immunity. However, in order to waive sovereign immunity, the request for relief must be *specific. See Fireman's Ins., supra.* Because "all other appropriate relief" is not a request for specific relief, we hold that the ADC did not waive its sovereign immunity and is therefore immune from suit. Thus, we hold that the circuit court was correct in granting the ADC's motion for judgment on the pleadings.

## II. Ark. Code Ann. § 22-5-402

For its second point on appeal, LandsnPulaski argues that the circuit court erred in ruling that the LandsnPulaski's title was a tax title and therefore void as to the interest of the State pursuant to

Ark. Code Ann. § 22-5-402. Because we hold that the State has sovereign immunity, we will not address this issue.

Affirmed.